[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SANCTIONS
I have read the entire transcript of the administratrix plaintiff's deposition and the entire file. The defendant's motion for sanctions, #119, requests dismissal and other similar remedies as a consequence for claimed abuses and refusals to answer questions. The subject areas of questioning are complicated somewhat by the nature of the complaint, which claims punitive damages, and the relationships of the parties, in that the plaintiff, as administratrix of the estate of the defendant's deceased wife, is bringing the action against a likely beneficiary of the estate.
The defendant's motion for sanctions seeks dismissal as a result of the plaintiff's response, and that of her attorney, to two lines of questioning. The first involved objection to questions concerning the plaintiff's "intent to punish" the defendant by advancing a claim for punitive damages in the circumstances of this case. The plaintiff's attorney instructed her not to answer, although she indicated that she was able to answer the question. The second area involved whether she intended to collect any amounts awarded from personal assets of the defendant if insurance was unavailable.[1] The plaintiff was instructed not to answer.
Curiously, the defendant does not seek an order that the questions be answered, but only seeks the more draconian sanctions of dismissal of the action, dismissal of the counts seeking punitive damages, precluding the plaintiff from introducing evidence regarding punitive damages, or an order that the plaintiff answer every question put to her unless she has specifically obtained a protective order in advance prohibiting such question. In the circumstances, the requested sanctions are most clearly inappropriate. There is indeed a potential ethical complication to the issue of punitive damages, and the defendant is entitled to pursue the issue. The defendant in fact did pursue the issue, and many questions were not objected to or were objected to only when the same general question had been asked several times. Whether the two specific areas in CT Page 2402 question are objectionable can be argued in good faith. The procedure contemplated by our practice is simply to preserve the record and to move on, with the understanding that the issue can then be presented to the court as to whether the question(s) should be answered;[2] the record in this case shows none of the contempt for the orderly discovery process shown in cases such as Pavlinko v. Yale New Haven Hospital, 192 Conn. 138,143-45 (1984). At least where there is good faith room for disagreement, sanctions such as dismissal or preclusion are obviously inappropriate.[3]
Finally, the motion seeks an order that the plaintiff's attorney refrain from making "speaking objections" and otherwise coaching the witness. Isolated instances of a very limited degree of objecting which might conceivably be construed as coaching may be found in the deposition, and such is to be discouraged, but there was certainly no pervasive practice and it is not at all clear that "coaching" occurred at all. There is no need for a specific order, in the circumstances presented.
The motion is denied.[4]
Beach, J.